UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW M.L. MCCAIN,

        Plaintiff,

    v.

RICHARD W. HARRINGTON, *et al.*,

        Defendants.

Case No. 13-cv-300-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 50) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Matthew M.L. McCain's motion for a temporary restraining order and preliminary injunction (Doc. 2) forcing the defendants to transfer him from Menard Correctional Center ("Menard"), where he is currently housed, to Pontiac Correctional Center ("Pontiac"), where he believes he will be safer from other inmates who wish to harm him. Magistrate Judge Frazier held a hearing on McCain's motion on May 21, 2013, at which McCain testified. McCain has objected to the Report (Doc. 53), and the defendants have responded to that objection (Doc. 60).

**I.**     **Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.**     **Report and Objection**

Magistrate Judge Frazier noted that McCain has been attacked four times while being an

inmate at Menard, twice while in protective custody ("PC"). McCain has conflicts with members of the Latin Kings gang and has several individual declared enemies. However, the defendants determined after an investigation that the most recent attack on McCain, on March 8, 2013, was the result of a mere fight, not a targeted attack directed toward McCain. The following day, McCain was placed in disciplinary segregation in a single-man cell. Although McCain asks this Court to order the defendants to transfer him to the PC unit at Pontiac, he has not asked any of the defendants to arrange for or recommend a transfer.

Magistrate Judge Frazier found McCain did not have a likelihood of success on the merits of his claim because no evidence suggested any of the defendants actually knew of a strong possibility McCain would be assaulted in the PC unit at Menard or that they ignored or disregarded that risk. Magistrate Judge Frazier also found McCain had adequate alternative remedies to resolve an unsafe situation: asking for a prison transfer recommendation, asking for a different cell assignment, and appealing a cell assignment through the prison grievance system. Magistrate Judge Frazier further noted that no evidence suggested Pontiac would be any safer for McCain than Menard – Latin Kings are found throughout the prison system – and that judicial interference with prison management may result in another inmate being exposed to greater harm.

In his objection, McCain take issue with a number of Magistrate Judge Frazier's statements that are immaterial to the question of whether an injunction should issue. His relevant arguments assert that he should not have to demonstrate that every inch of Menard is unsafe for him before he is entitled to an order of transfer. He further states he expects to return to PC after his time in disciplinary segregation ends on June 29, 2013, that he will not be eligible for a transfer to another institution until he has been out of disciplinary segregation for at least six months and that the grievance process is futile for him. He also faults a Menard staff member for failing to investigate

the most recent assault.

**III.    Analysis**

The Court has reviewed this matter *de novo* and has determined that the Report is correct. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Platinum Home Mortg. Corp. v. Platinum Fin. Grp. Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).   A party seeking a preliminary injunction must make a threshold showing that (1) he has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will likely suffer irreparable harm if the injunction is not granted.  *Ferrell v. United States Dep't of Housing & Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).   If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.   "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811.   "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."   *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam));   *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).

At the hearing, McCain failed to demonstrate that he has some likelihood of success on the merits.   Under the Eighth Amendment, prison officials are required to take reasonable measures to protect inmates from violence from other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001).   A prison official can be liable for failure to protect an inmate if he intends or was deliberately indifferent to a substantial risk of

serious harm to the inmate. *Farmer*, 511 U.S. at 828; *Mayoral*, 245 F.3d at 938. To meet the "deliberate indifference" standard in this context, a prison official must know of an excessive risk to an inmate's health or safety and disregard it by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *Mayoral*, 245 F.3d at 938. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. However, a defendant has no general duty to rescue an inmate from a dangerous situation caused by others. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, McCain has failed to point to any competent evidence that any of the defendants knew of and disregarded a serious threat to his safety. At most, he has shown that some of the defendants knew he had been assaulted, yet refused to grant him PC status. Actually, they investigated his PC request and found it unsubstantiated. This was not deliberate indifference. With respect to the other defendants, McCain has pointed to no evidence they actually knew of a risk to McCain in the PC unit and disregarded it. With respect to the March 2013 altercation, prison officials investigated, determined it was a run-of-the-mill prison altercation rather than a targeted assault, and placed McCain in a single-man cell in disciplinary segregation. This was not deliberate indifference.

Even if McCain had some likelihood of success on the merits, he has not shown a temporary restraining order or a preliminary injunction requiring a transfer to Pontiac is his only avenue of relief or is necessary to avoid irreparable harm. As Magistrate Judge Frazier noted, McCain may request a transfer himself, *see* 20 Ill. Admin. Code 503.130(a) ("A request . . . for transfer may be submitted by . . . the committed person . . . ."), or placement in the PC unit, *see* 20 Ill. Admin. Code 501.320(a) ("A committed person may request placement in protective custody."). He may also ask a staff member to recommend a transfer to a different institution, *see*

20 Ill. Admin. Code 501.340(a) ("The Assignment Officer may, at any time, recommend an institutional transfer if he determines that a transfer would be in the best interest of the committed person or the facility."), and the staff member must recommend the transfer if the inmate has been in PC for six months, *see* 20 Ill. Admin. Code 501.340(b) ("In the event that a committed person has been continuously housed in protective custody for a period of six months and he requests a transfer, the Assignment Officer shall recommend an institutional transfer."). McCain did not point to evidence that he has asked to be transferred to Pontiac through the aforementioned channels, and it appears his request to be placed in PC has been granted.

Most importantly, however, is the fact that the balancing of the harms does not weigh in McCain's favor. Magistrate Judge Frazier was right to be hesitant to tell prison administrators how to do their jobs. Ordinarily, courts defer to the judgment of prison administrators on matters regarding prison management issues. *See Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them"). The Illinois Department of Corrections must balance the security needs of more than 40,000 inmates, making sure to keep apart those with known animosity towards each other. This is a delicate balance that risks being thrown out of kilter by courts' directing placement of individual inmates. On McCain's side, the Court notes he is likely in PC at the moment where he is separated from many inmates who might wish him harm. There, he can do his best to resist getting involved in altercations with other prisoners, he can ask prison officials to keep him apart from those he suspects might do him harm, and he may request a transfer to another institution. Additionally, there is no evidence suggesting McCain would be any safer at Pontiac than at Menard. All in all, the risk of disruption to the

prison housing assignment balance outweighs any danger McCain might continue to face in PC in Menard.

For all of these reasons, the Court will deny McCain's motion for a temporary restraining order and preliminary injunction.

IV.     **Conclusion**

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 50); and

- **DENIES** McCain's motion for a temporary restraining order and preliminary injunction (Doc. 2).

**IT IS SO ORDERED.**
**DATED:   July 16, 2013**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**

prison housing assignment balance outweighs any danger McCain might continue to face in PC in Menard.

For all of these reasons, the Court will deny McCain's motion for a temporary restraining order and preliminary injunction.

IV.     **Conclusion**

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 50); and

- **DENIES** McCain's motion for a temporary restraining order and preliminary injunction (Doc. 2).

**IT IS SO ORDERED.**
**DATED:   July 16, 2013**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**