UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW M.L. MCCAIN,

    Plaintiff,

  v.

RICHARD W. HARRINGTON, *et al.*,

    Defendants.

Case No. 13-cv-300-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Plaintiff Matthew M.L. McCain signed his complaint on March 13, 2013, and it was received and docketed on March 22, 2013 (Doc. 1). The Court allowed McCain proceed without prepayment of fees and assessed an initial partial filing fee of $22.77 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 22). The Court calculated this filing fee after considering the average monthly balance or deposits in McCain's account for the six-month period immediately preceding the filing of the complaint (Doc. 20). McCain began that period with a balance of $84.29. He then spent substantial sums on commissary purchases, postage, the library, a book and gifts. Several expenditures exceeded the initial partial filing fee: three commissary purchases costing $23.97, $26.59 and $27.28; postage costing $23.10; a book costing $56.00; and gifts in the amount of $80.00 and $85.00. This left him with a balance of $67.97 when he signed the complaint and $33.26 when it reached the Court and was docketed. The Court further notes that McCain received several modest payroll deposits for his prison job and $365.00 in other receipts during the relevant period. At all times during the relevant period and up to the date the initial partial filing fee was assessed, McCain's balance exceeded the initial partial filing fee due.

    On July 22, 2013, Magistrate Judge Philip M Frazier ordered McCain to pay on or before

August 23, 2013, the $22.77 initial partial filing fee assessed at the outset of this case or to show good cause why that sum has not been paid (Doc. 69).   Since that order, McCain has not made any payments toward the initial partial filing fee or explained why he has not paid that fee.

It is clear that within the six months before McCain filed this suit and at the time he filed the suit, he was capable of paying $22.77 to the Court.   Nevertheless, McCain has not paid the fee.  That McCain made the financial decision to spend his money or to give it away and not to save it to pay for this lawsuit is a decision McCain must live with.   If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1).   *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).   "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).   However, rather than dismissing this case at the present time, the Court will give McCain additional time to pay the fee due and will stay this case in the meantime.

Accordingly, the Court **ORDERS** that McCain shall have up to and including September 30, 2013, to pay the entire initial partial filing fee of $22.77, **STAYS** this case until further order of the Court and **WARNS** McCain that if he does not pay the entire initial partial filing fee of $22.77 by September 30, 2013, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED:   August 30, 2013**

                                       s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**