UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW M.L. MCCAIN,<br><br>      Plaintiff,<br><br>  v.<br><br>RICHARD W. HARRINGTON, TERRI ANDERSON, DANIEL DUNN, JEANNETTE COWAN, MR. JOY, MR. COFFEEY, FRANK LAWRENCE, MR. PHELPS, MR. ANTHONY, JEFFREY MULHOLLAND, MR. GETZ, SALVADOR A. GODINEZ, MR. HENRICH, MR. ATCHERSON, MS. HECHT, JOHN DOE 1, C/O JOHN DOE 2, NURSE JANE DOE 2 and DOCTOR JOHN DOE 3,<br><br>      Defendants. | Case No. 13-cv-300-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 132) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part the defendants' motion for summary judgment (Doc. 105), grant summary judgment in favor of defendants Dunn, Joy, Hecht, Godinez, Anthony, Cowan, and Henrich, and dismiss all claims against defendant John Doe 1 ("Unknown Party 2") without prejudice for lack of service of process. Plaintiff Matthew M.L. McCain has objected to some parts of the Report (Doc. 133), and the defendants have responded to that objection (Doc. 134).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

McCain objects to Magistrate Judge Frazier's recommended disposition of his claims against defendants Jeannette Cowan and Sam Henrich only. The Court has reviewed the portions of the Report as to the other defendants and finds no clear error. Accordingly, the Court will adopt those portions of the Report. The Court addresses the two areas of objection below.

Cowan

Magistrate Judge Frazier found in the Report that caseworker supervisor Cowan was entitled to summary judgment on McCain's claims that she was deliberately indifferent to his safety on two occasions: (1) in November or December 2012 when she voted "no" on his request to be placed in protective custody ("PC") and (2) in January 2013 when McCain sent her a letter (Doc. 124-1) on January 4, 2013, asking to be separated from his cellmate Jessie Perez because Perez had assaulted him earlier in the day, and Cowan did not intervene to separate them. McCain's objection only relates to the January 2013 conduct. Magistrate Judge Frazier found with respect to that incident that there was insufficient evidence for a reasonable jury to find the January 4, 2013, letter McCain sent to Cowan, even if she read it, gave her sufficient notice that Perez harbored hostile intentions toward McCain such that she should have intervened to prevent Perez's January 4, 2013, attack on McCain earlier in the day.

In his objection, McCain states that his January 4, 2013, letter should have made Cowan aware of the risk of danger from Perez after January 4, 2013, that manifested itself in Perez's January 15, 2013, attack on McCain, which she could have prevented by separating McCain from Perez. In their response, the defendants reiterate Magistrate Judge Frazier's conclusion.

The Court has reviewed the matter *de novo*. It finds there is evidence from which a reasonable jury could find McCain's January 4, 2013, letter to Cowan, assuming she received and read it, gave her advance notice of a risk of harm from Perez such that Cowan had a reasonable

opportunity to respond to that risk to prevent Perez's January 15, 2013, assault on McCain. Magistrate Judge Frazier's Report only considered whether the letter gave Cowan advance notice of the January 4, 2013, assault. Because Cowan has failed to carry her summary judgment burden on this aspect of McCain's claim against her, the Court will reject this aspect of the Report.

Magistrate Judge Frazier's conclusions as to Cowan's failure to approve PC in late 2012 are not clearly erroneous or contrary to law and will therefore be adopted.

<u>Henrich</u>

Magistrate Judge Frazier found in the Report that correctional officer Henrich was entitled to summary judgment on McCain's claim that Henrich was deliberately indifferent to McCain's safety when he did not separate him from his cellmate, Ricky Richardson, on March 8, 2013. According to McCain's deposition testimony, on March 8, 2013, Richardson told Henrich that McCain had a document that belonged to Richardson and he wanted it back. Henrich then asked McCain whether he had anything that belonged to Richardson, and McCain said no. Henrich said he would shake down the cell to see which inmate had been telling the truth. When Henrich left to arrange the shakedown, Richardson attacked McCain, stabbing him with a pencil and busting his lip. According to McCain's Amended Complaint, the attack was "out of the blue." Am. Compl. ¶ 126 (Doc. 59 at 16). When Henrich returned to conduct the shakedown, McCain showed Henrich his injuries from Richardson. After the shakedown, Henrich put both inmates back in the cell together. Richardson did not attack McCain again, and the following day McCain was removed from the cell, received medical attention, and was placed in investigatory segregation away from Richardson. Magistrate Judge Frazier found that no reasonable jury could find Henrich knew that McCain faced a risk of serious harm from Richardson before the unexpected assault such that Henrich could have taken steps to prevent the assault.

In his objection, McCain notes that Richardson attacked him under Henrich's watch and then allowed McCain and Richardson to remain together in the same cell.  McCain also complains that Henrich refused to obtain medical attention for McCain immediately following the assault.  In response, the defendants argue that McCain cannot succeed on this claim simply because Henrich was in charge at the time of the assault and failed to get medical attention for McCain immediately after the assault.

The Court has reviewed the matter *de novo* and finds that no reasonable jury could find based on the evidence in the record that Henrich knew of a serious risk to McCain's safety before the assault by Richardson.  All he knew was that the inmates were having a disagreement and making contradictory statements, which is not in and of itself enough to put a reasonable officer on notice of a serious risk of danger.  As for keeping McCain and Richardson together following the assault, there is no evidence that that decision led to any physical harm or even presented a serious risk of harm.  The Court will therefore adopt this portion of the Report.

As for McCain's assertion that Henrich was deliberately indifferent to McCain's serious medical needs by failing to obtain medical attention for his injuries immediately following the assault, McCain has not pled a deliberate indifference to medical needs claim in his Amended Complaint.

Having reviewed the matters to which McCain objects *de novo* and all other matters for clear error, the Court:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 132);

- **SUSTAINS in part** and **OVERRULES in part** McCain's objections (Doc. 133);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 105);

- **GRANTS** summary judgment in favor of defendants Dunn, Joy, Hecht, Godinez, Anthony, Cowan (based on her late 2012 conduct), and Henrich;

- **DENIES** summary judgment in all other respects;

- **DISMISSES** all claims against defendant John Doe 1 ("Unknown Party 2") without prejudice for lack of service of process; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants Dunn, Joy, Hecht, Godinez, Anthony and Henrich are terminated from this case.

The Court further **ORDERS** that McCain shall have up to and including May 27, 2016, to file a motion for recruitment of counsel for the purposes of trial and **DIRECTS** the Clerk of Court to send McCain a form motion. The Court further **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before June 10, 2016. The current final pretrial conference and trial dates are **VACATED** and will be set by Magistrate Judge Frazier in the Final Pretrial Order.

**IT IS SO ORDERED.**
**DATED:   May 18, 2016**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**